**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JAMES HULLUM,**

        Plaintiff,

**v.**                                    **CASE NO. 3:04-CV-902-J-16MCR**

**UNITED STATES OF AMERICA**

        Defendant.

_____/

## O R D E R

Before the Court is Plaintiff's Motion for Site Inspection by the Court to Occur on August 25, 2005 at 9:00 A.M. (Dkt. 12), to which Plaintiff attached photographs. Defendant filed a Memorandum in Opposition (Dkt. 14) with attachments.

**I.    Discussion**

Plaintiff provides that this claim arises from a personal injury that occurred on board the U.S.S. John F. Kennedy (CV-67)("Kennedy"), a United States naval aircraft carrier, while it was docked at Mayport Naval Air Station in Jacksonville, Florida. Plaintiff alleges that on August 12, 2003, he was a welder's assistant employed by Atlantic Marine to perform repairs aboard the Kennedy. Plaintiff further alleges that upon completing his assigned duties, he was "ascending through an open vertical ladder that was normally protected from the risk of falls by a series of protective safety nets." (Dkt. 12 at 2). Plaintiff contends he fell several hatches because the government had removed, or permitted to be removed, the safety nets and that this created an unreasonably dangerous condition. Plaintiff asserts an understanding of the location where the alleged incident occurred is imperative and therefore requests the Court to attend, with counsel from both parties, the August 25, 2005 inspection. Plaintiff also notes because the Kennedy

is an active aircraft carrier, it could leave port at anytime and that this could potentially inhibit the ability of the Court to do an inspection.

Conversely, while Defendant does not dispute that inspections by Courts are often beneficial in allowing a Court to understand the issues of a case, Defendant does dispute the timing of Plaintiff's request. Specifically, Defendant argues that judicial site-visits are typically conducted during trial. In this case, however, Defendant notes trial is not scheduled until after March 2006 and that discovery concludes on November 4, 2005. Additionally, as to Plaintiff's concern the Kennedy might leave port, Defendant references the attached declaration of Captain (select) Michael J. Ginter, U.S. Navy, which lists various dates the Kennedy is likely to be available throughout November and December 2005 (Dkt. 14, Exhibit C). Defendant also provides that if these available inspection dates change, Defendant will timely notify Plaintiff's counsel and the Court.

Upon due consideration, the Court agrees with the Defendant. The Court finds that at this juncture, Plaintiff's request is premature and is therefore denied. However, at a later date Plaintiff may again move for a site inspection by the Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Site Inspection (Dkt. 12) is **DENIED.**

BY ORDER OF THE COURT, at Jacksonville, Florida, this __8th__ day of August, 2005.

Copies to:

Counsel of Record

_____
JOHN H. MOORE II
United States District Judge